UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS GRAZIANO,

    Plaintiff,

v.                                               Case No.: 2:22-cv-34-SPC-MRM

EAGLE CREEK OF NAPLES
CONDOMINIUM ASSOC., INC.,
EAGLE CREEK COMMUNITY
ASSOC., INC. and JEFFREY S.
SCHELLING, P.A.,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court are Defendants' Motions to Dismiss, which argue in part that Plaintiff Thomas Graziano's Complaint is a shotgun pleading. (Doc. 28, Doc. 30, Doc. 37). The motions were filed more than one month ago, but Graziano has not responded. Under Local Rule 3.01(c)[2], the Court may simply grant the motion as unopposed. But after review, the Court concludes the Complaint is a shotgun pleading and dismissal is warranted.

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] "[A] party may respond to a motion to dismiss . . . within twenty one days after service of the motion. If a party fails to timely respond, the motion is subject to treatment as unopposed."

## BACKGROUND

Graziano bought a condominium connected with Defendants'[3] community and condominium associations. (Doc. 1 ¶¶ 2, 3, 7, 8, 12). Graziano did not know that the condominium had "a defective HVAC conduit leading from the exterior condenser unit to the [condominium's] interior air handler." (Doc. 1 ¶ 13). This lawsuit arose from an ongoing dispute between Graziano and Defendants over the need to repair the HVAC conduit, Defendant's alleged inhibition of that repair, and the costs incurred, and fines levied while the repair was left undone. (Doc. 1 at 5–17).

## LEGAL STANDARD

Together, Rules 8 and 10 establish the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Violations of these rules create shotgun pleading problems. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Shotgun complaints deprive defendants of "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

---

[3] Defendants are Eagle Creek Community Association, Inc., Eagle Creek Community Association, Inc., and Jeffrey S. Schelling, P.A., the associations' law firm.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). They waste resources, broaden discovery, and ravage dockets. *Id.* A court presented with a shotgun pleading should order repleading. *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1127–28 (11th Cir. 2014) (urging district courts to police shotgun pleadings).

Graziano's Complaint exemplifies two of the four impermissible types of shotgun pleadings. The first is when "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before." *Weiland*, 792 F.3d at 1321 (footnote omitted). The second is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id.* at 1323.

## DISCUSSION

The Complaint is a textbook shotgun pleading. It contains five counts, four[4] of which begin the same: "Graziano incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein." (Doc. 1 ¶¶ 47, 56, 58, 62). So Counts II, III, and IV all contain the factual allegations and legal conclusions of the counts that came before them. This violates the

---

[4] The final count, Count V (mislabeled "Count IV"), does not include this preamble.

minimum pleading requirements. *See Clifford v. Federman*, 855 F. App'x 525, 528 (11th Cir. 2021) (per curiam).

Second, the Complaint repeatedly describes actions of "Defendants" without specifically attributing conduct to any one individually. By commingling claims against all Defendants without specifying which Defendant is responsible for which acts or omissions under each count, the Complaint deprives Defendants of adequate notice of the claims against them. This also violates the minimum pleading requirements. *See id.*

"In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'" *Jackson v. Bank of Am.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (quoting *Vibe Micro*, 878 F.3d at 1295). Graziano will be given a chance to amend, but if the amended complaint is a shotgun pleading, the Court will dismiss it on that basis alone. *See, e.g.*, *Weiland*, 792 F.3d at 1320 (a district court retains "inherent authority to control its docket and ensure the prompt resolution of lawsuits," including, under proper circumstances, "the power to dismiss a complaint for failure to comply with Rule 8(a)(2)"); *Jackson*, 898 F.3d at 1358 (district courts retain the authority to dismiss shotgun pleadings on that basis alone).

Accordingly, it is now

**ORDERED**:

1. Defendants' Motions to Dismiss (Doc. 28, Doc. 30, Doc. 37) are **GRANTED** to the extent that the Complaint (Doc. 1) is **dismissed without prejudice** as a shotgun pleading.

2. Plaintiff may file an amended complaint consistent with this Opinion and Order by **July 15, 2022**. **Failure to do so will cause the closure of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 24, 2022.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record