UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS GRAZIANO,

     Plaintiff,

v.                                             Case No.:  2:22-cv-34-SPC-MRM

JEFFREY S. SCHELLING, P.A.,

     Defendant.

_____/

## <u>OPINION AND ORDER</u>[1]

Before the Court is Defendant Jeffrey Schelling, P.A.'s ("Schelling") Motion to Dismiss (Doc. 72) and Plaintiff Thomas Graziano's Response in opposition (Doc. 88).  The motion is ripe for review. Because the Court writes only for the parties (who are familiar with the facts), it includes only what is necessary to explain the decision.

## BACKGROUND

This case arose from an ongoing dispute between Graziano and several parties over the need to repair Graziano's HVAC conduit, the alleged inhibition of that repair, the costs incurred, and fines levied while the repair was left

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

undone. (Doc. 70). Since filing the Second Amended Complaint ("Complaint"), Graziano has resolved his claims against all Defendants except Schelling. Graziano alleges Schelling violated the Federal Debt Collection Practices Act ("FDCPA") (Count 1), the Florida Consumer Collection Practices Act ("FCCPA") (Count 2), and made defamatory statements (Count 7).

Schelling moves to dismiss Graziano's Compliant. (Doc. 72). Schelling argues the Complaint is a shotgun pleading and fails to differentiate claims or assertions between the parties. Schelling also takes issue with each count, discussed more below.

## LEGAL STANDARD

Together, Rules 8 and 10 establish the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Violations of these rules create shotgun pleading problems. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Shotgun complaints deprive defendants of "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v.*

*Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). They waste resources, broaden discovery, and ravage dockets. *Id.*

## DISCUSSION

First, the Court reviews whether Graziano's Complaint is a shotgun pleading, including whether it properly differentiates the claims among the parties. Second, the Court discusses the individual claims Graziano asserts against Schelling.

### A. Shotgun Pleading

First, Graziano has cured all prior deficiencies. The Court previously dismissed the Complaint because it exemplified two types of shotgun pleadings: (1) each count adopted the allegations of all preceding counts and (2) multiple claims were asserted against multiple defendants without specifying which defendants were responsible for which acts. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321, 1323 (11th Cir. 2015).

Schelling asserts similar arguments as the basis of this Motion. However, Graziano's Complaint fixed both issues. First, the Complaint reincorporates paragraphs 1-38 into each of the claims. This is permissible as the general allegations in the first 38 paragraphs apply to each claim asserted. Unlike the original deficiency, where Graziano adopted all the allegations of all preceding counts, that no longer occurs.

3

Second, the Complaint sufficiently separates each defendant such that Schelling can identify which allegations Graziano asserts against him. Below each cause of action, Graziano lists which defendants are subject to the claim. Within each claim, Graziano also describes the conduct of individual defendants, including Schelling, identifying them in the process. Although Schelling is correct that some allegations reference multiple "defendants," this is permissible as multiple defendants could be responsible for engaging in a certain action. Accordingly, the Complaint is no longer a shotgun pleading and properly differentiates the claims among the parties.

## B. Individual Claims.

Next, the Court reviews each of Graziano's three claims.

### 1. Counts 1 and 2: FDCPA and FCCPA.

Graziano's FDCPA claim—Count 1—and his FCCPA claim—Count 2—are properly pled. When pleading a violation of the FCCPA and FDCA a party has generally the same requirements. *See Garrison v. Caliber Home Loans, Inc.*, 233 F.Supp.3d 1282, 1290 (M.D. Fla. 2017). To state a claim for violation of the FDCPA and FCCPA, Graziano must allege that: "(1) Defendant is a debt collector; (2) Plaintiff was 'the object of collection activity arising from consumer debt;' and (3) Defendant engaged in an act or omission prohibited by the FDCPA or FCCPA." *Id.* (internal citations omitted).

Here, Graziano alleges that Schelling is a debt collector (Doc. 70 at ¶¶ 43, 53), that Graziano was the object of a collection activity arising from consumer debt (Id. at ¶¶ 40, 46, 51, 55-57), and that Schelling engaged in an act prohibited by the FDCPA and FCCPA, respectively (Id. at ¶¶ 45-48, 55-57, 59). The allegations specifically identify the party responsible for the violation (Schelling), the actions taken by Schelling (impermissible communications), and the harm caused. Schelling asserts that Graziano was required to attach the communications at issue but fails to cite to anything in support of this proposition. Because the Court takes all allegations pled at this stage as true, the resolution of factual disputes outlined in the parties' briefing will be done later. At this point, enough is pled to withstand dismissal.

### 2. Count 7: Defamation

Next, Graziano's defamation claim—Count 7—is properly pled. The elements of a defamation claim are: "(1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory." Turner v. Wells, 879 F.3d 1254, 1262 (11th Cir. 2018) (internal citations omitted).

Here, all elements are pled. Graziano pleads that Schelling published a statement to "prior owners" where Shelling asserted that Graziano was

delinquent in his assessment payments.  (Doc. 70 at ¶ 90).  Graziano further asserts that this statement was published to a third party even though Shelling knew it was false, thereby causing damage to Graziano.  (*Id.* at ¶¶ 85-89).  Although Schelling may eventually prevail in his argument that the statement at issue was not defamatory, that discussion is for a later day.  At this stage, the Court need not resolve the factual disputes raised by the parties as Graziano's allegations are enough to avoid dismissal.

Accordingly, it is now

**ORDERED:**

1. Defendant Jeffrey Schelling, P.A.'s Motion to Dismiss (Doc. 72) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 22, 2022.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record