UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS GRAZIANO,

    Plaintiff,

v.                                              Case No.:  2:22-cv-34-SPC-KCD

JEFFREY S. SCHELLING, P.A.,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Jeffrey S. Schelling P.A.'s Motion to Compel. (Doc. 137.)[1] No opposition has been filed, and the time to do so expired. The Court thus treats the motion as unopposed. *See* Local Rule 3.01(c).

Defendant served Plaintiff with discovery requests that have not been answered. Federal Rule of Civil Procedure 37(a) provides that a party may move for an order compelling discovery in such circumstances. Defendant attempted to confer with Plaintiff's counsel to resolve this dispute to no avail. (Doc. 137 at 3.)[2] And now Plaintiff has failed to respond to the motion, thereby waiving any objections. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

[2] Defendant's motion is not paginated. The Court thus refers to the page numbers generated by its electronic filing system.

CV-69-ORL-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (stating that a party that does not assert objections to discovery within time permitted by rule, stipulation, or court order waives objections and is precluded from asserting objections in response to a motion to compel). Having received no response in opposition, the Court grants the motion to compel.

If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). This sanctions provision in Rule 37 is self-executing. The court *must* award expenses if the disclosures or requested discovery are provided in reaction to a motion to compel. *See KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

There is no doubt Rule 37(a)(5) applies here. Plaintiff has not answered the discovery requests (or this motion to compel). Thus, "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if: "(i) the movant filed the motion before attempting in good faith to

obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Plaintiff has failed to carry his burden. Indeed, he offers no opposition to the motion to compel. That ends the matter. *See Eichmuller*, 2020 WL 10318567, at *2 (awarding attorney fees where the "[d]efendant . . . failed to provide any meaningful opposition to [the] request for sanctions"); *KePRO Acquisitions, Inc.*, 2021 WL 6883475, at *3 (levying attorney fees where the opposing party "fail[ed] to present evidence supporting any of the three exceptions listed in Rule 37(a)(5)(A)").

Accordingly, it is now **ORDERED**:

1. Defendant's Motion to Compel (Doc. 137) is **GRANTED**. By **September 27, 2023**, Plaintiff must serve full and complete responses to the outstanding discovery requests.

2. Within fourteen days of this order, the parties must meet and confer about the expenses Defendant reasonably incurred in making the motion.

3. If the parties cannot reach an agreement, Defendant must submit a motion, which includes necessary supporting documents, detailing its reasonable expenses and fees if it wishes to pursue such relief.

**ENTERED** in Fort Myers, Florida on September 15, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record