UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS GRAZIANO,
      Plaintiff,
  v.

EAGLE CREEK OF NAPLES                 Case No. 2:22-CV-00034-SPC-MRM
CONDOMINIUM ASSOC., INC.

and

EAGLE CREEK COMMUNITY
ASSOC., INC.

and

JEFFREY S. SCHELLING, P.A.
      Defendants,
_____/

**PLAINTIFF'S VERIFIED MOTION TO RECONSIDER AND VACATE ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO ANSWER SECOND INTERROGATORIES AND RESPOND TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW, Plaintiff, THOMAS GRAZIANO ("Graziano" or "Plaintiff"), by and through his undersigned counsel, hereby moves this Court pursuant to and under Rule 60(b) of the Federal Rules of Civil Procedure to vacate its Order granting Defendant's, JEFFREY S. SCHELLING, P.A. ("Schelling"), Motion to Compel Plaintiff to Answer Second Interrogatories and Second Request for Production of Documents dated August 31, 2023 (Doc. No. 138), and states as follows:

## BACKGROUND

1. On June 22, 2023, Schelling filed a premature Motion to Compel which was denied by this Court for his failure to comply with Local Rule 3.01(g)(2).

2. Prior to the denial by this Court, the undersigned emailed counsel regarding his lack of compliance with the local rules and offered to discuss the matters by phone. A true and complete copy of the correspondence is attached hereto as **Exhibit "A."**

3. On July 25, 2023, Schelling served his Second Interrogatories and Request for Production on Graziano.

4. On August 15, 2023, Schelling filed a Motion to Compel Plaintiff to provide complete answers to the first set of interrogatories alleging among other things that he did not receive the verified version of the answers and was not relying on the unverified answers as responsive.

5. On August 21, 2023, the undersigned emailed counsel for Schelling advising him of the miscommunication regarding the unverified answers to the first set of interrogatories and requested a two-week extension to respond to the second set of discovery as the undersigned was going on vacation and having trouble reaching Graziano for finalization of the responses. A true and correct copy of the email correspondence is attached hereto as **Exhibit "B."** Schelling neither denied the request for extension nor did he grant the same.

6.      On August 25, 2023, Schelling's counsel and Graziano's counsel, Scott Rost, while the undersigned was on vacation, held a telephone conversation regarding the second set of discovery responses as well as the verified answers to the first set of interrogatories. A week extension was agreed upon between counsel which would have extended the deadline to respond to September 1, 2023. A true and correct copy of the follow up correspondence is attached hereto as **Exhibit "C."**

7.      On August 29, 2023, the day the undersigned returned from vacation, Graziano served his Verified Amended Answers to Schelling's First Set of Interrogatories and his response to the Motion to Compel filed on August 15, 2023. That same day, this Court denied Schelling's Motion to Compel and request for fees "given the conferral issues raised in [Plaintiff's] response . . . ." (Doc. No. 136).

8.      On August 31, 2023, the undersigned was attempting to finalize the responses to discovery and emailed Schelling's counsel for clarification on request number 4 within Schelling's Second Request for Production. This email was sent at 11:51 a.m. A true and correct copy of the email correspondence is attached hereto as **Exhibit "D."**

9.      Specifically, the undersigned requested counsel to clarify what he was asking Graziano to produce as the request was vague and ambiguous. The undersigned highlighted the portion that was confusing in hopes a simple

3

clarification would have been provided. The request read: "All documents in support of the monies received under the Settlement Agreements reached between Eagle Creek Community Association or Eagle Creek of Naples Condominium Association, Inc. and Plaintiff, *including any documents which indicate that funds were reimbursement for any repairs caused by any damage of Schelling."*

10. Schelling's counsel did not respond to the undersigned's email correspondence but instead, that same day, August 31, 2023 at 2:00 p.m., Schelling's counsel filed a Motion to Compel seeking responses to Schelling's Second set of discovery. Ironically, under the local rule 3.01(g) certification, Schelling's counsel represented to this Court that he attempted to resolve the discovery disputes prior to filing his motion while ignoring the undersigned's request for clarification on those exact "discovery disputes." *See* Ex. D.

11. On September 15, 2023, this Court granted Schelling's Motion to Compel as a result of Graziano's failure to file a response and granted Schelling's request for attorney's fees as a sanction under Rule 37.

12. Graziano respectfully requests this Court vacate its Order granting the Motion to Compel and sanctions issued on September 15, 2023, due to Schelling's misrepresentations made to this Court that he attempted to resolve the discovery disputes in good faith.

**LEGAL MEMORANDUM**

On September 15, 2023, this Court sanctioned the undersigned for failing to respond within fourteen days to a motion to compel filed by Defendant. Local Rule 3.01, provides that [ if a party that does not respond within the allotted time period, then the Court may consider the motion unopposed.] Plaintiff did not oppose the motion, and upon discussion with Defendant found the requests to just; and was working with Defendant to comply. In short, Plaintiff believes that a fair reading of Rule 3.01 results in merely cessation of the right to respond than imputing bad faith litigation upon the Plaintiff.

**I. The Rules of Reconsideration**

Plaintiff asks this Court to reconsider its ruling of fee award in its Order Granting Defendant's Motion to Compel issued on September 15, 2023. Rule 54(b) permits the court to revise any interlocutory order before entering a final judgment. Fed. R. Civ. P. 54(b). A court applies the standard of Rule 59(e) to analyze a Rule 54(b) motion to reconsider: a judgment may be amended to correct "clearly" or "manifestly" erroneous findings of facts or conclusions of law.

Pursuant to Rule 60(b), Fed. R. Civ. P., "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . (3) fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party. . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60.

"The United States Supreme Court has held that federal courts possess inherent authority to sanction lawyers for perpetrating a fraud on the court or for litigating in bad faith. . . The Eleventh Circuit Court of Appeals has since explained that "[t]he key to unlocking a court's inherent power is a finding of bad faith." *Stansell v. Revolutionary Armed Forces of Colombia* (FARC), 8:09-CV-2308-T-26MAP, 2013 WL 12203817, at *1 (M.D. Fla. Apr. 5, 2013).

II. **The Sanctions Ought to Be Vacated because Plaintiff's Actions Were a Good Faith Attempt to Comply with Defendant's Discovery Requests.**

   A. **The Sanctions Ought to Be Vacated because a Fair Reading of Rule 3.01 Contemplates Merely Incontestability, A Result With Which Plaintiff's Agreed.**

Plaintiff's counsel does not have the mindset that discovery ought to be contested at every opportunity. The undersigned finds value in hearing opposing counsel views on discovery. In this case, Plaintiff listened to the basis under which Defendant sought discovery of documents that are generally not applicable to a case involving fraud: for example, personal tax documents belonging to the Plaintiff. However, when Defendant reminded Plaintiff that at least one of Plaintiff's theories is based on lost income, Plaintiff saw the request in a new light. This sort of negotiation is at the heart of the meet-and-confer requirement of Rule 3.01(g). In short, Defendant did not oppose the basis of Plaintiff's recent motion.

6

A strict reading of Rule 3.01 results in a legal conclusion that matches the *de facto* conclusion reached by the Plaintiff in failing to respond: incontestability. As the allegations of the motion document properly indicate, Plaintiff was diligently working to comply with the merits of Defendant's motion to compel. Furthermore, Plaintiff regularly updated Defendant of Plaintiff's progress. To the extent that there is bad faith, it exists on the part of Defendant who blindsided Plaintiff to manufacture a controversy where there was none. Accordingly, Plaintiff asks for reconsideration of the fee award under Fed.R.Civ.P. 54(b).

### A. The Sanctions Ought to Be Vacated because Defendant Manufactured Controversy Where There Was None in a Surprise Motion.

Fed. R. Civ. P.60(b)(1) lists among its bases for reconsideration "surprise." The motion to compel's filing was an inappropriate and complete surprise. The motion's filing was inappropriate because it was filed contrary to the meet-and-confer rules of this Court. The motion's filing was a surprise, because its filing was in the middle of clarification discussions between Plaintiff and Defendant.

Here, taking into account all relevant circumstances, Schelling's Motion to Compel should be vacated and denied for Schelling's counsel's misrepresentations to this Court that he attempted to resolve the discovery disputes in good faith on more than one occasion. Less than two hours prior to Schelling's counsel filing the subject Motion to Compel, the undersigned attempted to clarify what Schelling was seeking and was ignored and was immediately met with a Motion to Compel

7

rather than a response. To date, Schelling has still not clarified his second requests for production to the undersigned. This Court has denied two of Schelling's Motions to Compel for his lack of compliance with Local Rule 3.01(g). Taking these actions into account, the motion should be vacated on the misrepresentation of counsel yet again for his failure to comply with Local Rule 3.01(g).

## CONCLUSION

Graziano respectfully requests this Court to vacate the Order granting Defendant's, Jeffrey S. Schelling P.A., Motion to Compel Plaintiff to Answer Second Interrogatories and Second Request for Production of Documents and Defendant's request for attorneys' fees and/or sanctions for the reasons stated herein.

WHEREFORE, Plaintiff, Thomas Graziano, respectfully requests that this Court vacate its Order granting Defendant's, Jeffrey S. Schelling P.A., Motion to Compel Plaintiff to Answer Second Interrogatories and Second Request for Production of Documents and Defendant's request for attorneys' fees and/or sanctions.

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

*/s/ Alicia M. Kupcinskas*
Attorney

## **LOCAL RULE 3.01(g) CERTIFICATION**

The undersigned and Graziano have conferred with counsel for Defendant and the parties were unable to reach an agreement on resolution of the Motion.

Respectfully submitted this 19th day of September, 2023.

**BRENNAN MANNA DIAMOND**

*/s/ Alicia M. Kupcinskas*
Alicia M. Kupcinskas, Esq.
Florida Bar No. 117610
5210 Belfort Road, Suite 400
Jacksonville, Florida 32256
Telephone: (904) 366-1500
Facsimile: (904) 366-1501
Primary Email –amkupcinskas@bmdpl.com
Secondary Email –aaphillips@bmdpl.com

And

Scott R. Rost
Florida Bar No. 779385
255 S. Orange Avenue, Suite 700
Orlando, Florida 32801
Telephone: (407) 634-4590
Primary Email – srrost@bmdpl.com
Secondary Email - dakallas@bmdpl.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 19th day of September, 2023, I served the foregoing via email to the following:

Richard J. Hollander, Esq.
Miller Hollander & Jeda
5278 Golden Fate Parkway, Ste. 2
Naples, FL 34116
Tel.: (239) 775-2000
Fax: (239) 775-7953
Primary Email: mhj@floridabankruptcy.com
Primary Email: ronaldh@floridabankruptcy.com
Primary Email: melissaj@floridabankruptcy.com
Secondary Email: millerandhollander@comcast.net
Secondary Email: backupnotices@comcast.net
Secondary Email: mhbknotices@outlook.com

                                         */s/ Alicia M. Kupcinskas*
                                         Attorney

4882-0859-7377, v. 1