UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS GRAZIANO,

    Plaintiff,

v.                                              Case No.:  2:22-cv-34-SPC-KCD

JEFFREY S. SCHELLING, P.A.,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff Thomas Graziano's ("Graziano") Verified Motion to Reconsider and Vacate Order Granting Defendant's Motion to Compel Plaintiff to Answer Second Interrogatories and Respond to Second Request for Production of Documents. (Doc. 139.)[1] Defendant Jeffrey S. Schelling, P.A. ("Schelling") has responded in opposition. (Doc. 140.) For the reasons below, Graziano's motion is denied.

## I. Background

As part of discovery, Schelling served requests for production and interrogatories on Graziano. (Doc. 137.) Graziano failed to respond. The parties spoke on the phone to resolve the missing discovery but could not reach an

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

agreement. (Doc. 137, Doc. 139 at 3, Doc. 139-3.) Schelling then moved to compel production. (Doc. 137, Doc. 138.) When Graziano again failed to respond, the Court granted the motion to compel as unopposed. (Doc. 138.) Attorneys' fees were also awarded. (*Id.*)

Graziano now seeks to vacate the Court's discovery order. He also asks for reconsideration of the fee award under Federal Rules of Civil Procedure 54(b) and 60(b). (Doc. 139.) Graziano presses several arguments in pursuit of this relief: Schelling misrepresented his attempt to resolve the discovery dispute in good faith, Rule 3.01(c) does not provide for the imposition of fees and costs, and he was "surprised" by the motion to compel. (Doc. 139 at 4, 7-8.)

## II. Legal Standards

A party may seek reconsideration of an order or judgment under Federal Rules of Civil Procedure 54(b), 59(e), and 60(b). *State Farm Mut. Auto. Ins. Co. v. Larocca*, No. 8:21-CV-2536-SCB-AEP, 2022 WL 19561968, at *2 n. 4 (M.D. Fla. Nov. 28, 2022). Graziano's motion invokes Rules 54(b) and 60(b).

Rule 54(b) applies when a party seeks reconsideration of a non-final order. *Herman v. Hartford Life & Acc. Ins. Co.*, 508 F. App'x 923, 928 n.1 (11th Cir. 2013). Rule 60(b), in contrast, provides parties an avenue to seek relief from "a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b); U*nited Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010). But the test under either rule is essentially the same. The movant must show: (1) an

intervening change in controlling law; (2) newly discovered evidence or manifest errors of law or fact; or (3) manifest injustice. *See Hill v. Allianz Life Ins. Co. of N. Am.*, No. 614CV950ORL41KRS, 2016 WL 10540906, at *1 (M.D. Fla. Dec. 19, 2016); *Ingenuity, Inc. v. Linshell Innovations Ltd.*, No. 6:11-CV-93-ORL-28KRS, 2014 WL 12831856, at *1 (M.D. Fla. Aug. 12, 2014).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Hill*, 2016 WL 10540906, at *1. So the moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Notably, a motion for reconsideration is not an avenue "to raise new theories or arguments." *Hill*, 2016 WL 10540906, at *1. Nor can a party "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Dero Roofing, LLC v. Triton, Inc.*, No. 2:21-CV-688-SPC-KCD, 2023 WL 4763461, at *1 (M.D. Fla. July 26, 2023); *see also Berisha v. Stan, Inc.*, 461 F. Supp. 3d 1257, 1260 (S.D. Fla. 2020). "To permit otherwise would essentially afford[ ] a litigant two bites at the apple." *Hill*, 2016 WL 10540906, at *1.

Also relevant here is Local Rule 3.01. It provides that, before moving to compel discovery, a party must confer with the opponent "in a good faith effort to resolve the motion." Local Rule 3.01(g). This requirement may be satisfied by a "substantive conversation" over the phone. (Doc. 113 at 3-4.) If the parties

3

cannot resolve the dispute, the movant must file a statement certifying they have "conferred with the opposing party." Local Rule 3.01(g). Once a motion to compel is filed, the non-moving party has fourteen days to respond. If that does not occur, "the motion is subject to treatment as unopposed." Local Rule 3.01(c).

Finally, if a motion to compel is granted "the court **must** . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). This provision is automatic and "self-executing." *Stinson v. Sec. First Ins. Co.*, No. 2:22-CV-122-JLB-KCD, 2022 WL 8186702, at *1 (M.D. Fla. Sept. 22, 2022); *Nicholas Servs., LLC v. Naples Jet Ctr. Holdings, LLC*, No. 2:22-CV-673-JLB-KCD, 2023 WL 3320085, at *6 (M.D. Fla. May 9, 2023).

### III. Discussion

Graziano's motion relies heavily on Local Rule 3.01. He first claims that Schelling misrepresented his attempt to resolve the discovery dispute in good faith as required under Rule 3.01(g). Thus, the argument goes, the Court should vacate its order. (*See* Doc. 139 at 6-7.)

This claim stumbles right at the gate. Graziano acknowledges the parties conferred by phone before the motion to compel was filed. (Doc. 139 at 3.) And following the call, counsel confirmed that it would serve as the parties' good

4

faith conferral. (Doc. 139-3.) The Court struggles to understand how Rule 3.01(g) was thwarted on these facts.

In any case, whether the parties conferred in good faith is moot. Graziano never responded to the motion to compel, thus waiving any objection to the Rule 3.01(g) certification. Graziano had an opportunity to challenge the conferral process. That being so, he cannot float the issue now as part of a request for reconsideration. *See Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-CV-366-PGB-LHP, 2023 WL 4364515, at *2 (M.D. Fla. July 6, 2023) (rejecting argument that a Rule 3.01(g) certification was inaccurate because the plaintiff failed to raise that issue in response to the motion to compel); *see also Hill*, 2016 WL 10540906, at *1.

Turning next to Rule 54(b), Graziano asks the Court to reconsider the fee award. He implies reconsideration is proper because the Court misapplied Local Rule 3.01(g) when it awarded Schelling his reasonable expenses and fees. (Doc. 139 at 6-7.) Graziano asserts that "a fair reading of Rule 3.01 results in [the] mere[] cessation of the right to respond [rather] than imputing bad faith litigation upon the Plaintiff." (Doc. 139 at 5.)

Graziano's argument is difficult to follow. But regardless of how the issue is examined, the result is the same. Rule 37 says the court must award expenses to a party who successfully moves to compel the production of discovery. Fed. R. Civ. P. 37(a)(5)(A). It is undisputed that Graziano never

5

responded to Shelling's discovery requests. It is also undisputed that Schelling filed a motion to compel that was granted because the discovery had not been produced. This triggers the fee-shifting provision in Rule 37. Nothing in Local Rule 3.01(g) requires a different outcome.

Next up, Graziano argues that reconsideration is warranted under Rule 60(b)(1) because he was "surprised" by the motion to compel. (Doc. 139 at 7-8.) Graziano does not explain why his surprise warrants reconsideration. Nor does he tie his surprise at receiving the motion to compel to his failure to respond to Schelling's discovery requests or the motion. But regardless, Rule 60(b) does not offer relief. Rule 60(b) applies to the reconsideration of a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). "Final" modifies each word that follows it. *Austin v. Metro Dev. Grp.*, LLC, No. 8:20-CV-1472-KKM-TGW, 2021 WL 1164804, at *1 (M.D. Fla. Mar. 25, 2021). Thus, a party may only seek reconsideration of an order under Rule 60(b) if it is "final." *Id*. Orders compelling discovery are interlocutory, non-final orders. *Branca v. Security Ben. Life Ins. Co.*, 773 F.2d 1158, 1165 (11th Cir. 1985).

At its core, this is a case of buyer's remorse. Graziano neglected to respond to the motion to compel and was hit with fees under Rule 37. To avoid that result, he now interjects a host of issues with the conferral process and Local Rule 3.01(g). But those arguments could have been (and should have been) raised in response to the motion to compel. Graziano chose to do nothing.

That decision has consequences that cannot be avoided by asserting belated arguments on a motion for reconsideration.

Graziano's motion identifies no newly available evidence, changes in the law, or any mistake that would justify the Court vacating its prior discovery order. Accordingly, the Verified Motion to Reconsider and Vacate Order Granting Defendant's Motion to Compel Plaintiff to Answer Second Interrogatories and Respond to Second Request for Production of Documents (Doc. 139) is **DENIED.**

**ORDERED** in Fort Myers, Florida on October 10, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record