UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS GRAZIANO,

    Plaintiff,

v.                                Case No.:  2:22-cv-34-SPC-KCD

JEFFREY S. SCHELLING, P.A.,

    Defendant.
_____/

# ORDER

Before the Court is Defendant Jeffrey S. Schelling P.A.'s Motion to Dismiss as Sanctions for Plaintiff's Failure to Comply with this Court's Order. (Doc. 142.)[1] Plaintiff Thomas Graziano has responded in opposition. (Doc. 143.) For the reasons below, Schelling's motion is granted in part and denied in part.

## I. Background

As part of discovery, Schelling served requests for production and interrogatories on Graziano. (Doc. 137.) Graziano did not respond. The parties spoke on the phone to resolve the missing discovery but could not reach an agreement. (Doc. 137, Doc. 139 at 3, Doc. 139-3.) Schelling thus moved to compel production. (Doc. 137.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Graziano again did not respond, and the Court granted the motion to compel as unopposed. (Doc. 138.) Graziano was ordered to "serve full and complete responses to the outstanding discovery requests" by September 27, 2023. (*Id.* at 3.) The Court also awarded Schelling his attorneys' fees. (*Id.* at 3-4.)

Upon receipt of the Court's ruling, Graziano did not seek a protective order or ask for more time to respond to the discovery. Instead, hoping to avoid the fee award, he filed a motion to reconsider filled with meritless arguments and misrepresentations about the parties' attempts to satisfy Local Rule 3.01(g). (Doc. 139.) Notable here, Graziano represented that he did not respond to the motion to compel because he "found the [discovery] requests to be just[.]" (*Id.* at 5.) The Court denied Graziano's motion to reconsider and upheld its prior ruling that he respond to the contested discovery by September 27, 2023. (Doc. 141.)

On the night his discovery responses were due, Graziano asked Schelling to sign a confidentiality agreement in exchange for the documents. (Doc. 143-2 at 4.) Schelling did not respond. (*Id.* at 5-6.) Nearly a month later, Graziano finally provided his overdue discovery responses. (*Id.* at 12.)

Schelling now seeks sanctions, arguing Graziano's untimely responses are "woefully inadequate, evasive, incomplete, . . . and improperly raise objections which were waived by their non-response and this Court's Order

2

compelling Plaintiff to answer." (Doc. 142 at 4, 5.) Schelling claims this conduct justifies a death blow and asks the Court to dismiss Graziano's case. (Doc. 142 at 9.)

Graziano acknowledges he did not provide discovery responses by the deadline in this Court's order. (Doc. 143 at 3.) That said, Graziano believes he was relieved from complying because he requested a protective order in his motion for reconsideration, which stayed the deadline. (*Id.* at 3, 4.) He also asserts he satisfied the spirit of the Court's order by making the documents available to Schelling, so long as he consented to the proposed confidentiality agreement. (*Id.* at 7.) Thus, the argument goes, Schelling should have cooperated with Graziano to protect the documents' confidentiality. (*Id.*) Finally, Graziano asserts the motion should be denied because Schelling has not shown how the discovery responses are incomplete or deficient. (*Id.* at 9.)

## II. Legal Standard

This Court has broad authority to sanction a party "for abuse of the discovery process." *Lawal v. RTM*, 260 F. App'x 149, 154 (11th Cir. 2006). "Federal Rule of Civil Procedure 37 provides different remedies for discovery violations depending on whether those violations occur due to a party's failure to respond to discovery requests, in the context of an order granting or denying a discovery motion, or when a party disobeys a discovery order." *Maletta v. Woodle*, No. 2:20-CV-1004-JES-KCD, 2022 WL 3213426, at *2 (M.D. Fla. Aug.

3

9, 2022). Under Rule 37, a Court may strike pleadings, dismiss an action, render a default judgment, or issue "further just orders" when a party disobeys a discovery order as alleged here. Fed. R. Civ. P. 37(b)(2)(A).

As mentioned, Schelling seeks dismissal. This is a tall ask. Dismissal is available only when: "(1) a party's failure to comply with a court order is a result of willfulness or bad faith; and (2) the [court] finds that lesser sanctions would not suffice." *Lyle v. BASF Chemistry, Inc.*, 802 F. App'x 479, 482 (11th Cir. 2020). As for the first prong, "all that is required to demonstrate willfulness, bad faith, and fault is disobedient conduct not shown to be outside the control of the litigant." *Williams v. Youth Opportunity Invs., LLC*, No. 5:20-CV-449-JSM-PRL, 2021 WL 11642385, at *2 (M.D. Fla. Sept. 29, 2021). Under the second prong, the court must consider lesser sanctions because "[d]ismissal of a complaint with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). "Ultimately, Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and ensure the integrity of the discovery process." *Maletta*, 2022 WL 3213426 at *2.

### III. Discussion

The Court is satisfied that Schelling has shown Graziano willfully violated a court order. *Maletta*, 2022 WL 3213426, at *2 ("The party moving under Rule 37(b) must first show that a court order has been violated.").

Graziano was directed to answer the outstanding discovery by September 27, 2023. (Doc. 138 at 3.) He was aware of this deadline, but acknowledges he withheld the discovery responses for another month. (Doc. 143 at 3.) This is enough to trigger Rule 37(b)(2)(A). *See Williams*, 2021 WL 11642385, at *2.[2]

Graziano's argument that his motion for reconsideration automatically stayed the September 27 deadline because it also sought a protective order is dead wrong. (Doc. 143 at 3.) Moving for a protective order "do[es] not stay a party's duty to respond to discovery." *Martin v. Am. Traveler Staffing Pros., LLC*, No. 08-80461-CIV, 2008 WL 11381806, at *4 (S.D. Fla. Sept. 16, 2008); *see also Versage v. Marriott Int'l, Inc.*, No. 6:05-CV-974ORL19JGG, 2006 WL 3614921, at *7 (M.D. Fla. Dec. 11, 2006). Even worse, his argument is grounded in a false premise. Graziano never asked for a protective order.

The Court can similarly dispose of Graziano's claim that he followed the spirit of the Court's order because the documents were available to Schelling if he accepted the confidentiality agreement. (Doc. 143 at 4-5). To be sure, Graziano was entitled to make such a request. But "[t]he Federal Rules of Civil

---

[2] Schelling also claims that Graziano violated the Court's order by not fully answering the discovery requests. But Schelling never explains how Graziano's responses are "woefully inadequate, evasive, [or] incomplete." (Doc. 142 at 5.) Instead, he attaches the discovery responses and asks the Court to analyze them for compliance. (Doc. 142-1.) The Court declines the invitation. *See Grimaldo v. Reno*, 189 F.R.D. 617, 619 (D. Colo. 1999) ("In our adversarial system, I am under no obligation to conduct research to provide the proper support for arguments presented by any party other than *pro se* ones[.]"); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

5

Procedure do not permit a party to condition the production of documents on the requesting party agreeing to or executing a confidentiality agreement." *WM Aviation, LLC v. Cessna Aircraft Co.*, No. 611CV2005ORL18GJK, 2012 WL 13145515, at *6 (M.D. Fla. Sept. 21, 2012). Nor does a pending request for a confidentiality agreement suspend discovery. *See Quinn v. Deutsche Bank Nat. Tr. Co.*, 625 F. App'x 937, 939 (11th Cir. 2015) ("Deadlines are not meant to be aspirational.").

The timeline only further undermines Graziano's position. He waited until the night the discovery responses were due to ask Schelling to sign a confidentiality agreement. (Doc. 143-2.) He then refused to produce the documents until Schelling acquiesced. (Doc. 143 at 4-5.) But Graziano had two months to seek a confidentiality agreement if he thought it was needed. And had negotiations failed, the proper course was to move for a protective order not unilaterally withhold the discovery responses. Graziano seemingly sat on his hands until the deadline arrived and withheld the discovery, in defiance of the Court's order, when Schelling would not agree to the proposed confidentiality agreement.[3] That is unacceptable.

---

[3] Graziano tries to shift blame to Schelling, alleging his lawyer refused to engage with certain members of Graziano's legal team. (Doc. 143 at 5.) In response, Schelling states his lawyer was in contact with Graziano's lead attorney. (Doc. 144 at 2.) The Court need not get bogged down in this quarrel. Going forward, the parties *and all counsel* must work together to resolve any disputes.

At bottom, Graziano has not shown that he "made all reasonable efforts to comply with the court order" or that his failure resulted from "simple negligence, misunderstanding, or [an] inability to comply[.]" *See Clark v. Keen*, 346 F. App'x 441, 442 (11th Cir. 2009); *Maletta*, 2022 WL 3213426 at *2. Sanctions are thus warranted.

The question now becomes whether Graziano's disobedience justifies dismissal, or if a lesser punishment will suffice and "deter conduct of those tempted to such conduct." *Williams*, 2021 WL 11642385, at *1; *see also Lawal*, 260 F. App'x at 154-155. Graziano was aware the Court ordered him to answer the outstanding discovery by September 27. Yet he chose not to follow this directive for nearly a month. (Doc. 143 at 3-7.) This suggests willful contempt. Nevertheless, the Court believes a monetary sanction can sufficiently punish Graziano and prevent future misconduct. Dismissal is simply too harsh a remedy considering this is Graziano's first offense and any prejudice from the untimely discovery can be cured through extensions of time and further discovery proceedings. *See, e.g.*, *Lyle*, 802 F. App'x at 482; *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("Dismissal of a case with prejudice is considered a sanction of last resort, *applicable only in extreme circumstances*." (emphasis added)). Accordingly, the Court will order Graziano to pay the attorneys' fees and costs Schelling incurred preparing and filing the motion.

7

It is thus **ORDERED**:

Schelling's Motion to Dismiss as Sanctions for Plaintiff's Failure to Comply with this Court's Order (Doc. 142) is **GRANTED in PART and DENIED in PART** as set forth above. Within fourteen days of this order, the parties must meet and confer about the expenses Schelling reasonably incurred in making the motion. If the parties cannot agree on a figure, Schelling must submit a motion, which includes necessary supporting documents, detailing the reasonable expenses and fees incurred.

**ENTERED** in Fort Myers, Florida on November 17, 2023.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record